**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-1256**

FRANCISCO K. AVOKI,

Plaintiff - Appellant,

v.

CITY OF CHESTER, SC; POLICE DEPARTMENT OF CHESTER, SC; HY-GLOSS PAINT & BODY SHOP, INC.; CPL. ROBERT MARTZ, Individually; PTL. TYLER COVINGTON, Individually,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Sherri A. Lydon, District Judge.  (0:19-cv-00324-SAL)

Submitted:  October 24, 2022                    Decided:  November 3, 2022

Before AGEE, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Francisco K. Avoki, Appellant Pro Se.  David Allan DeMasters, DAVIDSON, WREN & DEMASTERS, Columbia, South Carolina; John Edward Gardner, MURPHY & GRANTLAND, PA, Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco K. Avoki appeals the district court's orders (a) accepting the magistrate judge's recommendation and granting Defendants' motions for summary judgment in Avoki's 42 U.S.C. § 1983 civil rights action; and (b) affirming the magistrate judge's denial of Avoki's motion for leave to file a second amended complaint. We affirm.

On appeal, we confine our review to the issues raised in the informal brief. *See* 4th Cir. R. 34(b). Because Avoki's informal brief fails to meaningfully challenge any aspect of the magistrate judge's rationale for granting summary judgment on the advanced constitutional claims, which the district court adopted in its entirety over Avoki's objections, we conclude that Avoki has forfeited appellate review of that aspect of the court's dispositive order. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").

Avoki's informal brief does challenge the district court's ruling that it had the authority to refer his pro se civil action to a magistrate judge—despite the fact that Avoki was a fee-paid, non-incarcerated litigant who did not consent to adjudication by a magistrate judge. We find no error in the district court's ruling, *see Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 72 (4th Cir. 2016) (explaining that the Federal Magistrate's Act, 28 U.S.C. § 636(b), "permits a district court to assign *any* pretrial matter to a magistrate judge"), and further observe that the district judge properly reviewed de novo those aspects of the magistrate judge's report to which Avoki filed specific objections, *see* 28 U.S.C. § 636(b)(1)(C). The record also belies Avoki's contention that the district court

2

improperly subjected his proposed second amended complaint to the prefiling screening requirements set forth in 28 U.S.C. § 1915A.  Finally, Avoki challenges the district court's affirmance of the magistrate judge's January 16, 2020, order denying his motion for leave to file a second amended complaint, but we discern no abuse of discretion in that ruling. *See Wilkins v. Montgomery*, 751 F.3d 214, 220 (4th Cir. 2014) (providing standard of review).

Accordingly, we affirm the appealed-from orders.  *Avoki v. City of Chester*, No. 0:19-cv-00324-SAL (D.S.C. Apr. 17, 2020 & Feb. 18, 2022).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*